LOPEZ v. LOPEZ.

1. A testator died leaving of force a last will containing several bequests and *inter alia* the following: "*Third*. I give and bequeath to my executor M. the sum of $25,000 in trust for my daughter H., to be invested according to his judgment in safe productive securities; the interest or income therefrom to be paid to my said daughter for her own use during her life, and after her death then the said sum to become and be a part of my residuary estate, to be divided according as I shall hereinafter give and bequeath the same. And any further estate the said H. may derive as residuary legatee is to be held by my executor,

and shall be held by him subject to the same trusts above recited and set forth. It is my intent and meaning, and I do hereby declare and direct, that my said daughter shall have full power and authority by her last will and testament, either before or after my death, to dispose of the above named share of my residuary estate hereby given in trust for her use unto and among her children, in such shares and in such proportion as she, in her discretion, may deem proper and think advisable. And in case my said daughter shall depart this life, either before or after my death, without leaving in full force any last will and testament disposing unto and among her children of the aforesaid share of my residuary estate given by this will in trust for her use, then in that case it is my will, and I do hereby direct, that the same shall be held in trust as aforesaid for the use of and to go to and be distributed among her children as follows, &c.     *     *     *     *Seventh.* The balance of my estate, after paying the above bequests, I give, share and share alike, to my children, M., H., A., J., and E." The daughter H. having died, the testator executed a codicil to his will wherein he declared: "It is the intent and meaning of my said will, and I do hereby will and direct, that the children of my lately deceased daughter H. shall take the share of my residuary estate given to her, and that it be held and divided among them (her children) in the same manner and proportions as are provided, named, and set forth in my last will and testament aforesaid, and also in her will." *Held*, that the $25,000 was given to H. for life only, and at her death became a part of testator's residuary estate, divisible under the seventh clause of the will into five shares, one of which passed to the children of the deceased daughter H.

2.  H. left of force a will whereby she gave her entire estate to her children in the same proportions directed by her father's will in case she died intestate. H. had no property when she executed her will, which was dated a short time before her father's, and was signed by him as one of the witnesses. *Held*, that the will of H. was not an execution of the power given to her by her father's will, but the property was given to her children by the will of her father, and must be administered by the executor of his will.

3.  There may be a restrictive residuum, but the words in this will, "the balance of my estate after paying the above bequests," created a general residuum and included the $25,000 given to the daughter H. for her life, she having predeceased the testator.

4.  It is not necessary that a residuary clause should be at the end of a will; it may be written in the body thereof.

5.  The words "after her death to become and be a part of my residuary estate" mean the same thing as the words "at her demise shall revert to my estate."

MR. CHIEF JUSTICE SIMPSON dissenting.

Before Fraser, J., Charleston, November, 1884.

The opinion states the case. The Circuit decree, omitting its statement, was as follows:

The plaintiff and the three defendants, Aaron M., Julian L. and Edward H. Lopez, claim that at the death of Mrs. Hart the sum of twenty-five thousand dollars ($25,000), given in the first paragraph of the third clause of the will, fell at her death into the balance given under the seventh clause to Mrs. Hart and the above named four sons, and is divisible under the last named clause into five equal shares, the four sons taking each one share and the children of Mrs. Hart one share among them, according to the terms of her will. The children of Mrs. Hart claim that the said sum of twenty-five thousand dollars ($25,000) does not pass into said balance, but that it passes to them, and that they are entitled, in addition thereto, to one-fifth of said balance, as the further estate mentioned in the second paragraph of said third clause.

The difficulty in this case, it seems to me, arises from the use of the word "residuary estate" in the will and codicil, and the word residuary legatee in the will, in reference to this fund. The fact that this will was witnessed by distinguished counsel, is by no means conclusive proof that the will was drawn by one who knew the meaning of the technical terms employed in it. (Where, however, technical words are used, the presumption is that they are used in their technical sense, unless the context clearly indicates the contrary.)

It is by no means clear to my mind that this twenty-five thousand dollars ($25,000) is, by any fair interpretation, included in the balance given in the seventh clause, because it is a balance "after paying the above bequests," amongst which is this bequest of twenty-five thousand dollars ($25,000). If it was a bequest to some one else besides the executor himself, as trustee, it seems to me it would plainly be excluded from this balance; it is, however, just as much a payment after it is set aside and invested by the executor, as if it had been paid to some one else; the balance to pass under this seventh clause, is the balance after this payment of this legacy, as well as of the other legacies given in the will.

If, however, this is a residuary clause, as is claimed, it may cover everything not otherwise disposed of; it can cover no more. Now, the legacy, which is to be subject to the will of Mrs. Hart, or in case she dies without a will to go to her children, is thus described in paragraph 3 of the third clause of the will; it is described as the "above named share of my residuary estate, hereby given in trust for her use." In paragraph 4 of the third clause, it is described as "the aforesaid share of my residuary estate, given by this will in trust for her use." In the codicil it is described as "the share of my residuary estate, given to her (Mrs. Hart)." Now, this twenty-five thousand dollars ($25,000) had been mentioned in this third clause before either of these expressions occur as "a part of my residuary estate," and it was certainly in this clause "given in trust for her use;" it was "aforesaid and above named;" it was called "a part of the residuary estate;" it was "given in trust 'hereby' by this will," for her use. It was described in the codicil, which does not alter but confirms the will, as "given to her." It seems to me, therefore, that this sum of twenty-five thousand dollars ($25,000) is covered by the terms describing the property which Mrs. Hart was empowered to dispose of by will, and which on her failing to make a will went under the will of David Lopez to her children.

It should, therefore, go to these children, unless there is something in the will to give it a different direction. The only clause bearing directly on the subject is the seventh, the alleged residuary clause in the will. This clause, for the reason already assigned, seems to me to exclude this twenty-five thousand dollars from its scope, even if the testator called it "residuary." If it had been the intention of the testator that this sum of money should come back to the estate, or "revert to estate" and fall into a residuum, as contended here, it would have been very easy for him to say so, as he has done in reference to the gift of five thousand dollars ($5,000) to each of his sisters, and directed the sum to "revert." If he had done so, the fund would be divisible as now contended by the sons. It seems to me that he has plainly directed otherwise.

This is one of those cases where the intention of the testator can be best gathered from the language used by himself, and

while it may be one of those cases where counsel and even courts may differ, the court must ascertain the intention as well as it may, from the obscure and sometimes conflicting language of the will itself.

The conclusion that I have reached is, that the sum of twenty-five thousand dollars ($25,000), given by the will in trust for Mrs. Priscilla L. Hart, for life, passes with whatever further estate comes to her share in the residuary estate to her children, under the provisions of her will, as directed also by the will of her father, in the last codicil.

It is therefore ordered and adjudged, that the executor of David Lopez, deceased, do pay over the said sum of twenty-five thousand dollars ($25,000), mentioned in the first paragraph of the third clause of his will, to the children of Priscilla L. Hart, as directed by her will. That in addition thereto, he do pay over to the said children any further sum which would have gone to the said Priscilla L. Hart, as residuary legatee, if she had survived her father. All of said payments to be made to the executors of the last will and testament of the said Priscilla L. Hart, to be by them held for her children, according to the provisions of her will. It is further ordered, that any matter within the scope of the pleadings in this case, and not herein adjudicated, be reserved for the future order of the court. It is further ordered, that the costs of this action to this date be paid out of the estate of David Lopez, deceased.

*Mr. A. M. Lee,* for executor.

*Mr. A. T. Smythe,* for appellants.

*Messrs. A. D. Cohen* and *Simonton & Barker,* contra.

July 18, 1885. The opinion of the court was delivered by

Mr. Justice McGowan. David Lopez, late of Charleston, departed this life April 21, 1884, leaving in full force his last will and testament. This action, in the nature of a bill in equity, was instituted by Moses E. Lopez, the executor, for construction of the will. There was no parol testimony of consequence, and the single inquiry is as to the proper construction of the will and

codicils as they are written.    The will was executed on January 19, 1882, and among others contains these provisions :

"Third. I give and bequeath to my executor, Moses E. Lopez, the sum of twenty-five thousand dollars, in trust for my daughter, Priscilla L. Hart, to be invested according to his judgment in safe productive securities, the interest and income thereof to be paid to my said daughter for her own use during her life, and after her death then the said sum to become and be a part of my residuary estate, to be divided according as I shall hereinafter give and bequeath the same.    And any further estate the said Priscilla L. Hart may derive as residuary legatee is to be held by my executor, and shall be held by him subject to the same trusts above recited and set forth."

After making several other bequests in the fourth, fifth, and sixth clauses of his will, it provides as follows :    "Seventh. The balance of my estate, after paying the above bequests, I give share and share alike to my children, Moses E. Lopez, Priscilla L. Hart, A. M. Lopez, Julian L. Lopez, and Edward H. Lopez."

After several clauses providing for the adjustment of some debts due him by several of the children, the testator provides : "Lastly. I direct my executor to set aside from my estate the sum of five thousand dollars to and for the use of my sister, Miss Sally Lopez.    And a like sum of five thousand dollars to and for the use of my sister, Mrs. Louisa A. Moise.    The income thereof to be paid to them semi-annually for and during their natural lives. And at the demise of either of my sisters, the share apportioned to her of five thousand dollars shall revert to my estate and be administered according to the provisions of said will."

Previous to the execution of the will of David Lopez, viz., on June 25, 1880, Mrs. Hart had executed her own will, of which her father was one of the witnesses.    In her will she gave all her property to her children in proportions similar to those which were afterwards provided by the will of David Lopez as to the property therein given to them.    It was said that at the time Mrs. Hart wrote her will she had no property of her own, nothing but the expectancy from her father's estate.    After the execution of her father's will, but before his death, she died, August 9, 1882.

A few days after Mrs. Hart's death David Lopez added a codicil to his will, which provides as follows: "I. It is the intent and meaning of my said will, and I do hereby will and direct, that the children of my lately deceased daughter, Priscilla L Hart, shall take the share of my residuary estate given to her, and that it be held and divided among them (her children) in the same manner and proportions as are provided, named, and set forth in my last will and testament aforesaid, and also in her will," &c.

The cause was heard by Judge Fraser, who held : "That the sum of twenty-five thousand dollars ($25,000), given by the will in trust for Mrs. Priscilla L. Hart for life, passes with whatever further estate comes to her share in the residuary estate, to her children, under the provisions of her will, as directed also by the will of her father in the last codicil," &c.

From this decree A. M. Lopez, J. L. Lopez, and E. H. Lopez appeal to this court upon the grounds :

1. "Because his honor, the Circuit Judge, erred in holding that if the bequest of $25,000 were to any other person than the executor himself, it would be excluded from the division directed by the seventh clause of the will; and, further, that the balance in such clause directed to be divided is only what remains after the payment of this legacy, as well as of the other legacies given in this will; whereas he should have held that under the express words of the will the said sum upon the death of Mrs. Hart was to become a part of his residuary estate, and be divided as he afterwards gave and bequeathed the same, and therefore passed under the terms of the said seventh clause as the residuary clause of the will.

2. "That by the words 'share of my residuary estate hereby given in trust' for his daughter was included in the specific devise of the specific sum of $25,000, specifically given for his daughter's use only during her life, and at her death specifically made part of his residuary estate; whereas he should have held that such words referred only to the interest, share, or estate which his daughter took in his residuary estate, and not to such specific devise.

3. "In not giving to the words 'residuary estate' and 'resi-

duary legatee,' their ordinary and technical meaning, there being nothing in the context or the rest of the will to show that the testator intended to use them differently.

4. "In so construing this will as practically to disinherit the other children of the testator in favor of the children of one deceased child, the will itself not clearly showing any such intention.

5. "That the specific sum of $25,000 passes with whatever further estate comes to the share of Mrs. Hart in the residuary estate to her children, whereas he should have held that the said sum, Mrs. Hart being dead, became a part of testator's residuary estate, and should be divided among his five children named in the residuary clause of his will, the children of his deceased child, Mrs. Hart, taking among them the share which their mother, if alive, would have taken," &c.

The principal contention is in regard to the $25,000, whether given, as it was, for the benefit of Mrs. Hart during her life, it should, after her death, before that of her father, go *in solido* to her children, in addition to their equal share of the residuary estate; or, falling into the residuary estate, should be divided as a part thereof equally among all the children, the children of Mrs. Hart taking among them her share, one-fifth. After carefully reading the wills and codicils, and considering all the parts with reference to each other and to the whole, it does not strike us that there is as much obscurity or confusion as seems to have been supposed. It is perfectly clear that the direct bequest of the $25,000 for the use of Mrs. Hart was given expressly for her life, and no interest whatever was given thereby to her children after her death. On the contrary, the said clause carefully and particularly provides that "after her death, then the said sum to become and be a part of my residuary estate, to be divided according as I shall hereinafter give and bequeath the same." What "same"? Of course, not the $25,000 ordered to be merged in it, but the "residuary estate" just referred to. Accordingly the seventh clause gives and bequeaths the residuary estate, "share and share alike," to all the children of the testator by name, including Mrs. Hart. And after her death, in the lifetime of the testator, the last codicil confirms this by declaring

that "it is the meaning of my last will, and I do hereby will and direct, that the children of my lately deceased daughter, Priscilla L. Hart, shall take the share of my residuary estate given to her," &c.

As the object of construction is simply to ascertain the intention of the testator, it would seem that in this case the intention is placed beyond the possible reach of inference or implication, first by the express limitation of the bequest for the life of Mrs. Hart, and at her death to become "a part" of the residuary estate; and, second, by the reiterated provisions speaking of the interest of Mrs. Hart, and afterwards of her children, as "her share in the said residuary estate." We think that, upon the death of Mrs. Hart, the $25,000 legacy fell into and enlarged the residuary estate, and of this, thus enlarged, the children of Mrs. Hart take among them their mother's share, one-fifth. It is not perceived that the will of David Lopez made any other provision for these children; and they can take nothing under the will of their mother, for the reason that she died before her father, who after that event republished his will, and gave to them directly what he had before given to their mother, outside of her interest for life in the $25,000. Mrs. Hart's will disposes of no part of this property, because it never belonged to her, and it cannot possibly be considered as the execution of a power given by the will of David Lopez, which was not in existence until afterwards. The whole property was disposed of by the will of David Lopez, and must be administered by the executor of his will as herein construed. See the case of *Williams* v. *Kibler*, 10 *S. C.*, 429, where it is said: "But the wife died during the life-time of the testator, and after her death he republished his will. The will must, therefore, be read as if all that portion which provides for the wife, or refers to such provision, were erased; unless it should be found necessary to refer to such portion to expound some ambiguous part of the instrument," &c.

This construction is so obvious that we suppose it never would have been questioned, but for the paragraphs which immediately follow the bequest as to the $25,000, as follows: "And any further estate the said Priscilla L. Hart may derive as residuary legatee, is to be held by my executor, and shall be held by him

subject to the same trusts above described and set forth. It is my intent and meaning, and I do hereby declare and direct, that my said daughter shall have full power and authority, by her last will and testament, either before or after my death, to dispose of the above named share of my residuary estate hereby given in trust for her use, among her children in such proportions, &c. And in case my said daughter shall depart this life, either before or after my death, without leaving any last will and testament, disposing unto and among her children the aforesaid share of my residuary estate, given by this will in trust for her use, then and in that case it is my will, and I do hereby direct, that the same shall be held as aforesaid, for the use of and to go to and be distributed among her children as follows * * *."

It is claimed that the reference here made to a "further estate" indicates that the will made a double provision for Mrs. Hart— first and principally the legacy of $25,000, and also "a further estate as residuary legatee," and from this, and the direction that they should both be held subject to the same trusts, the inference is sought to be drawn that both these provisions were intended to reach beyond the death of Mrs. Hart and go to her children, either under her will as the execution of a power or under that of her father. When properly considered, this alleged obscurity is more apparent than real. It clearly arises out of the fact that Mrs. Hart predeceased her father, and the legacy for her during her life never took effect at all. In construing the will, we should put ourselves in the place of the testator when he executed it. At that time Mrs. Hart was alive, and of course he supposed she would survive him; otherwise the provision would not have been made. If she had survived him, she would have had two separate interests under the will, the use of the $25,000 for life, and her share of "the residuary estate"; and in contemplation of this state of facts, it was strictly correct to refer to the latter interest as "a further estate." He had just directed how the $25,000 should be held for his daughter, and it was natural that, in that connection, he should go on and declare that the "further estate" should be held under the same trusts.

But in all this there is nothing that even purports to change the terms of the bequest of $25,000 as being for life only, or to

extend the double provision beyond her death. It was merely a direction as to the manner (by trustee, &c.) in which the provisions should be held. We cannot say that the testator thereby intended to give Mrs. Hart the right to dispose of the $25,000 by her will. He certainly did not say so, and we are not at liberty to assume it, for that would be directly in the face of the positive provision just made that at her death it should become "a part of his residuary estate." This view is based on the express terms of the will, and is strongly corroborated by the fact that after the clause making the bequest for life, the will nowhere refers to the $25,000 specifically as a distinct bequest; but in every instance in which the interest of Mrs. Hart or her children is referred to the expression is limited to "her share of the residuary estate."

It seems to us that it would be an unauthorized liberty with the will of the testator and a great stretch of construction to hold that by the words "share of the residuary estate" he meant such "share" with a superadded legacy of $25,000 still retaining its character as a specific legacy; especially when there was an intent in the will answering precisely to the words used, and the aforesaid legacy, after the death of Mrs. Hart, was expressly declared to be "a part" of the residuary estate. We do not see any provision in the will or codicil giving to the children of Mrs. Hart anything beyond their mother's share of the residuary estate. If they do not take as residuary legatees, we do not see how they can take at all, and coming in as residuary legatees, they must take as such their mother's share, one-fifth.

But it is earnestly urged that there is really no "residuary clause" in the will; that it contains no provision which has the resemblance of one, except the seventh clause, and that cannot be considered as such. If this be so, the $25,000, now that Mrs. Hart is dead, is intestate property. But is it so? It is manifest that the testator intended to make such a provision, and thought he had done so; for in the will and codicils he repeatedly refers to his "residuary estate," and we think the seventh clause is residuary in its character. It is in the following words: "The balance of my estate, after paying the above bequests, I give, share and share alike, to my children, Moses E. Lopez, Priscilla

L. Hart, A. M. Lopez, Julian L. Lopez, and Edward H. Lopez."
It may be true that the word "balance," in the sense of residue
or remainder, is not considered elegant English, but in this coun-
try it is very often used in that sense, and there is no difficulty
in understanding what the testator meant by the phrase "balance
of my estate." In one of his definitions, Worcester gives the
sense in which it is understood: "The remainder of anything, as
the balance of an edition," &c. "No particular form of words is
required to pass a residuum. It is sufficient if the testator's
intention to include everything not otherwise disposed of is
shown." 2 *Wms. Exrs.*, 1310. "The balance of my estate"
held to be a residuary clause. *Skinner v. Lamb*, 3 *Ired.*, 155.
"I also give all my other property of every kind and description
whatever, to be equally divided," &c., held to be a residuary
clause. *Williams* v. *Kibler*, 10 *S. C.*, 428.

It is, however, still further contended that if the seventh clause
is residuary in character, it is not a general residuum, but restrict-
ive, and is capable only of disposing of particular property, viz.,
the odds and ends of the estate which were overlooked and not
disposed of in the will at all; and that the words in the clause,
"after paying the above bequests," show that "the balance" con-
templated did not embrace property which had been already given,
and the $25,000, having been so bequeathed, cannot pass under
the residuary clause. A will of personal property speaks at the
death of the testator, and it therefore results, as a rule of law,
that a general residuum carries all property of the testator which
at that time is undisposed of, including not only that which was
omitted from the will, but also that which was ineffectually given
by it, as in the case of a lapsed legacy; otherwise, to the extent
of such legacy, there would be an intestacy. See *Cheves* v. *Has-
kell*, 10 *Rich. Eq.*, 538, and authorities there cited.

It is true that there is such a thing as a restricted residuum,
and the rule just stated does not apply when the residuary bequest
is of a particular fund or description of property or other certain
residuum. See *Glover* v. *Harris*, 4 *Rich. Eq.*, 27. In regard
to what constitutes such a restricted residuum, and as to what
will pass under it, there is much learning and some refinement
in the books. But we do not think it necessary to enter upon

that subject in this case. The words "after paying the above bequests" must of course be understood with reference to the nature and terms of those "bequests." There was a bequest of the $25,000, but it was only the use of it during the life of Mrs. Hart; and, of course, the "paying" referred to was of that bequest. According to our construction, the *corpus* or remainder in the $25,000 was not included in that bequest for the use of Mrs. Hart, and therefore it cannot be said to be excluded from the residuary clause because given away from those interested in it. On the contrary, the exact fact is that, instead of being given away from the residuary legatees, the very clause which made the bequest for the life of Mrs. Hart provided that, after her death, "the said sum should become and be a part of the residuary estate." No controversy can arise here as to whether the seventh clause creates a residuum so restricted as to be incapable of receiving and carrying the remainder in the $25,000; for that being a pure question of intention, is conclusively settled by the terms of the will. The testator himself expressly declares that it shall fall into the residuary estate and be distributed as he should give and bequeath the same; and in a subsequent clause of his will he does give and bequeath it equally among his five children.

We cannot suppose that the character or capacity of the seventh clause is changed in any way by being in the body instead of at the end of the will. It would probably strike a lawyer that the orderly method of proceeding would be to set down first the provisions giving specific property, and then the clause intended to cover everything that might remain undisposed of; but it is believed that the relative position of the different clauses is purely arbitrary. Usually the last clause in a will appoints the executors, and yet in this will he was appointed by the very first.

No question is made as to the construction of the bequest for the use of each of the testator's sisters, which is in the following words: "And at her demise the share apportioned to her of $5,000 shall revert to my estate and be administered according to the provisions of said will." In respect to the point made, we do not see any substantial difference between this provision and that for Mrs. Hart, "and after her death the said sum to

become and be a part of my residuary estate, to be distributed according as I shall hereinafter give and bequeath the same." The words in the first are, "at her demise," and those in the second, "after her death"; and it seems to us that the phrase "to become and be a part of my residuary estate" means the same thing as "shall revert to my estate." That is to say, upon the event indicated, the sum in question shall fall into and be administered as a part of the residuary estate.

The judgment of this court is that the judgment of the Circuit Court be modified so as to conform to the conclusions herein announced.

MR. JUSTICE McIVER concurred.

MR. CHIEF JUSTICE SIMPSON *dissenting*. I am unable to concur in the majority opinion for the following reasons:

In the third clause of his will the testator bequeathed $25,000 to his executor, the interest and income thereof to be paid to his daughter during her life, and after her death to become a part of his residuary estate, to be divided according as I (he) shall here-inafter give and bequeath the same. And any further estate the said Priscilla may derive as residuary legatee is to be held by my executor, and shall be held by him subject to the same trusts and limitations above recited and set forth. He then gave off other pecuniary bequests, and finally, in the seventh clause, he directed as follows: "The balance of my estate, after paying the above bequests, I give, share and share alike, to my children, Moses Lopez, Priscilla L. Hart, A. M. Lopez, Julian L. Lopez, and Edward H. Lopez."

The question is, did the testator intend the $25,000 to fall into the general residue and pass under the seventh clause of the will above, subject to division among his five children, Priscilla being one, and each to take one-fifth, Priscilla's share to be held by his executor for her use during life? I think not, for the following reasons: 1st. The testator, after setting apart the $25,000 for Priscilla for life, then said: Any further estate that Pris-cilla might derive as a residuary legatee should be held by his executor subject to the same trusts as the $25,000 already

bequeathed to Priscilla. Here he evidently referred to some additional estate that Priscilla would take under the division of the general residue over and above the $25,000. Besides, he certainly intended that the residue covered by the seventh clause should be distributed as soon after his death as practicable. Now, if the $25,000 was to constitute a portion of the residue, Priscilla already having a life estate therein, no distribution could take place thereof until her death.

2d. The testator could not have intended that the $25,000 should fall into the residuary at the death of Priscilla and then one-fifth to go to her, for the reason that he directs that any further estate that Priscilla shall get under the residuary shall go to his executor, to be held for her use for life, as he held the $25,000. Where would be the use of directing that one-fifth of the $25,000 should be held for the life of Priscilla when he had already given the entire $25,000 for her use for life? And further, the theory of the $25,000 falling into the general residue at the death of Priscilla, and then divided under the seventh clause, would involve the idea of her enjoying one-fifth for life after her death when she had already enjoyed the whole amount during her life. On the theory that testator intended the $25,000 to fall into the residue and be distributed under the seventh clause, these conflicting and strange results would follow: 1st. The amount of the residue could not be ascertained until the death of Priscilla. 2d. The distribution could not be made until her death. And then she would be entitled to one-fifth only of the $25,000 for life, when she had already enjoyed the whole amount for life.

But it is said, how can the expression in the will, "then to become a part of my residuary estate, to be divided according as I shall hereinafter give and bequeath the same," be explained, otherwise than that the testator intended the $25,000, of which he was then speaking, should become a part of his general residue and pass under the seventh clause, in which he directed a division of this residue? It appears to me that this expression is susceptible of the following interpretation. Of course, the testator knew that the *corpus* of the $25,000 was a part of his residue, as he had given only a life estate therein to his daughter, and

recognizing this fact, he directed in the same clause that it should become at the death of his daughter a part of his residuary estate, to be divided according as he should thereinafter give and bequeath the same. Now, what did he mean by the word "same"? Did he mean the whole of his residue, or only this portion thereof? Did he mean that the $25,000 should be divided as he might thereafter give and bequeath his general residue, or did he mean that this $25,000 should be divided as a portion of his residue as he might thereinafter direct the same? He must have intended the latter, because otherwise the strange results suggested would follow. And, besides, the next clause in the will following the third, in which he directs a distribution, of some portion of his estate in the event that Priscilla failed to dispose of it by her will, can be explained upon no hypothesis but that he referred to the $25,000. In this clause he refers to the above named share of his residuary estate, giving Priscilla the power to dispose of it, and if she fails to do so, then he disposes of it to her children.

This construction is supported and sustained by the codicil executed after the death of Priscilla, in which he provides that the share of his residuary estate given to her should go to her children, in the same manner as provided in his will, and also the will of his daughter. It is manifest that the testator, in using the term "share" in connection with the sum of $25,000, constituting a part of his residuary, meant *portion*. He cut this off from the balance of his estate at the beginning of his will, and although the *corpus* would constitute a part of his residue in the sense that it was undisposed of to Priscilla, yet he never intended that it should be distributed with his general residue, but intended to direct a different and independent division thereof, which it appears to me he did, first in the clause following the third, and then after the death of Priscilla, by his codicil. I concur in the construction of the Circuit Judge.

Judgment modified.